TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section
STEPHEN T. MERRILL (Cal. Bar No. 255827)
Special Assistant United States Attorney
Major Crimes Section
3403 10th Street, Suite 200
Riverside, California 92501
Telephone: (951) 276-6267
Facsimile: (951) 276-6202
E-mail: Stephen.Merrill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROY JAMES CAREY and NATHALIE MARIE CAREY,<br><br>Defendants. | ED CR No. 25-00189-SSS-2<br><br><u>UNITED STATES OF AMERICA'S SENTENCING POSITION FOR DEFENDANT NATHALIE MARIE CAREY</u><br><br>Hearing Date: September 11, 2026<br>Hearing Time: 9:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California, and Special Assistant United States Attorney Stephen T. Merrill, hereby files its sentencing position for defendant Nathalie Marie Carey ("defendant").

The government's filing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

The government reserves the right to file any supplemental sentencing position that may be necessary.

Dated: August 17, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

STEPHEN T. MERRILL
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Defendant Nathalie Marie Carey assisted her husband in selling a variety of firearms and ammunition--including a short-barreled rifle--to an undercover federal agent. This is not the first time Carey has engaged in felony criminal activity.

On March 20, 2026, defendant entered a guilty plea to Count Two of the Indictment which charged defendant with a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

On August 7, 2026, The United States Probation Office filed its Presentence Investigation Report ("PSR"), in which it calculated defendant's total offense level at 25. The Probation Office further determined that defendant falls within Criminal History Category III, resulting in an advisory Guidelines range of 70 to 87 months. The government agrees with the PSR Guidelines calculations.

Based on the section 3553(a) factors and an individualized assessment of defendant's case, the government recommends the following sentence: 46 months' imprisonment, followed by a three-year period of supervised release, and special assessment of $100.

## II. STATEMENT OF FACTS

Defendant is a convicted felon. (PSR ¶ 43-47.) On November 13, 2024, she possessed two firearms, including a short-barreled rifle, and a variety of ammunition. (PSR ¶ 13.) Defendant sold the firearms and ammunition to an undercover federal agent. (Id.)

## III. SENTENCING GUIDELINES CALCULATION

The PSR calculates defendant's total offense level as 25, which includes a 3-point reduction for acceptance of responsibility. (PSR ¶ 38.) The total offense level was determined based on the following calculation: a base offense level of 26, a four-level increase for possession of a ghost gun, a two-level decrease for minor role, and a three-level reduction for acceptance of responsibility. (PSR ¶¶ 19-38.)

In addition, the PSR determined that defendant falls within Criminal History category III. (PSR ¶¶ 40-53.) The government concurs with the PSR's calculations.

## IV. ANALYSIS OF THE SECTION 3553(a) FACTORS

The government believes that the 3553(a) factors, in particular the nature and circumstances of the offense, the need to promote respect for the law and deter future crimes, and the need to protect the community, warrant the requested 46-month sentence.

### A. The Seriousness of the Crimes and Defendant's Criminal History Support a Serious Custodial Sentence

The nature and circumstances of the offenses justify a significant custodial sentence. Defendant has a criminal history that includes a prior prison sentence, and the current offense is dangerous and serious. The illegal possession and distribution of firearms by criminals have caused death and destruction on the streets of our communities. On top of that, defendant is charged with illegally possessing a short-barreled rifle. Short-barreled rifles "are inherently dangerous and, when possessed unlawfully, serve only violent purposes." U.S.S.G. § 4B1.2, amend. 798 (effective Aug. 1, 2016). Thus, the serious nature of this crime requires a custodial sentence.

While it is true the fact defendant was assisting her husband in his criminal enterprise is somewhat mitigating as to her culpability, that does not minimize the serious nature of the offense and the risk caused to the community. The government's recommended sentence of 46 months' imprisonment accounts for defendant's role in the offense and the seriousness of the crime.

### B. A Serious Custodial Sentence is Necessary to Promote Respect for the Law and Protect the Community

The Court should impose the recommended sentence of 46 months to promote respect for the law, protect the community, and deter future crimes by defendant and others. Defendant has proven a willingness to engage in criminal activity. This was a crime of opportunity to make money. Defendant was aware that what she was doing was illegal. She was not a novice to the criminal justice system. A custodial sentence in this

case is necessary to promote respect for the law and deter defendant from breaking the law and endangering the community. It is also necessary to deter others in the community who may be inclined to sell dangerous weapons by showing them that serious consequences will follow if they violate the criminal statutes of the United States of America and engage in criminal activity.

## V. CONCLUSION

On balance, and for the reasons set forth above, the government respectfully requests that defendant be sentenced as follows: (1) a 46-month term of imprisonment; (2) a three-year period of supervised release; and (3) a special assessment of $100.

**CERTIFICATE OF SERVICE**

I, Stephanie Ascencio, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, California 92501; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **UNITED STATES OF AMERICA'S SENTENCING POSITION FOR DEFENDANT NATHALIE MARIE CAREY**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☒ By email delivery, as follows:
**SEE ATTACHED**

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **August 17, 2026**, in Riverside, California. I certify under penalty of perjury that the foregoing is true and correct.

/s/ *Stephanie Ascencio*
Stephanie Ascencio
Legal Assistant

**ATTACHMENT**

Donna Vasquez Presentence
USPPSO Los Angeles (Roybal), California
Donna Vasquez@cacp.uscourts.gov